NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRAVELODGE HOTELS, INC.,**<br>*Plaintiff,*<br><br>v.<br><br>**JSK HOSPITALITY, LLC, et al.,**<br>*Defendants.* | Civil Action No. 16-4982<br><br>**OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Travelodge Hotels, Inc.'s ("Plaintiff" or "THI") motion for final judgment by default against Defendants JSK Hospitality, LLC ("JSK") and individual Defendants Anilkumar Patel, Kavita A. Patel, Pushpa Patel, Ashok Patel, Vandana A. Patel, Dipak G. Patel, Kailash D. Patel, Kalpesh N. Desai, and Alpa K. Desai (collectively, "Guarantors" and, together with JSK, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 12. For the reasons set forth herein, the motion is **GRANTED**.

**I.  BACKGROUND**

Plaintiff THI is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, ECF No. 1. Defendant JSK is a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business in Shreveport, Louisiana. Id. ¶ 2. Defendant Anilkumar Patel is a member of JSK and a citizen of the State of California. Id. ¶ 3. Defendant Kavita A. Patel is a member of JSK and a citizen of the State of California. Id. ¶ 4. Defendant

1

Pushpa Patel is a member of JSK and a citizen of the State of Louisiana. Id. ¶ 5. Defendant Ashok Patel is a member of JSK and a citizen of the State of Texas. Id. ¶ 6. Defendant Vandana A. Patel is a member of JSK and a citizen of the State of Texas. Id. ¶ 7. Defendant Dipak G. Patel is a member of JSK and a citizen of the State of California. Id. ¶ 8. Defendant Kailash D. Patel is a member of JSK and a citizen of the State of California. Id. ¶ 9. Defendant Kalpesh N. Desai is a member of JSK and a citizen of the State of Louisiana. Id. ¶ 10. Defendant Alpa K. Desai is a member of JSK and a citizen of the State of Louisiana. Id. ¶ 11. These individual defendants are the only constituent members of JSK. Id. ¶ 12.

On or about December 28, 2010, THI entered into the Franchise Agreement (the "Agreement") with JSK for the operation of a 100-room Travelodge guest lodging facility located at 740 Diamondjacks Boulevard, Bossier City, Louisiana 71111 (the "Facility"). Id. ¶ 17. In an amendment dated November 11, 2012, the parties amended Schedule B of the Agreement to reflect that the room count at the Facility had decreased from 100 rooms to 89 rooms. Id. ¶ 17 n.1; see also Fenimore Aff. Ex. B., ECF No. 12-3.

JSK is obligated to operate the Facility for a fifteen-year term. Compl. ¶ 18. Additionally, JSK agreed to make certain periodic payments to THI for royalties, system assessments, taxes, interest, reservation system user fees, and other fees (collectively, "Recurring Fees"). For any past due amounts payable to THI under the Agreement, JSK agreed to pay interest at the rate of 1.5% per month or the maximum rate permitted by law, whichever is less, accruing from the due date until the amount is paid. JSK also agreed to prepare and submit monthly reports to THI disclosing, among other things, the amount of gross room revenue earned by JSK at the Facility in the preceding month for purposes of establishing the amount of royalties and other Recurring Fees due to THI. Id. ¶¶ 19-21. Further, JSK agreed to maintain at the Facility accurate financial

information, including books, records, and accounts, relating to the gross room revenue of the Facility, and to allow THI to examine, audit, and make copies of the entries in these books, records, and accounts. Id. ¶ 22. Finally, JSK agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [Franchise] Agreement or collect amounts owed under this [Franchise] Agreement." Id. ¶ 23.

Effective as of the date of the Agreement, Anilkumar Patel, Kavita A. Patel, Pushpa Patel, Ashok Patel, Vandana A. Patel, Dipak G. Patel, Kailash D. Patel, Kalpesh N. Desai, and Alpa K. Desai provided THI with a Guaranty of JSK's obligations under the Agreement. Id. ¶ 24; see also Fenimore Aff. Ex. C. Pursuant to the terms of the Guaranty, Guarantors agreed, among other things, that upon a default under the Franchise Agreement, they would "immediately make each payment and perform or cause [JSK] to perform, each unpaid or unperformed obligation of [JSK] under the [Franchise] Agreement." Compl. ¶ 25. In addition, Guarantors agreed to pay the costs, including reasonable attorneys' fees, incurred by THI in enforcing its rights or remedies under the Guaranty or the Agreement. Id. ¶ 26.

By letter dated September 2, 2015, THI advised JSK that (1) it was in breach of the Agreement because it owed THI approximately $63,512.47 in outstanding Recurring Fees, (2) it had 10 days within which to cure this monetary default, and (3) if the default was not cured, then the Agreement might be subject to termination. Id. ¶ 28. By letter dated November 6, 2015, THI advised JSK that (1) it remained in breach of the Agreement because it owed THI approximately $75,433.15 in outstanding Recurring Fees, (2) it had an additional 10 days within which to cure this continuing monetary default, and (3) if the default was not cured, then the Agreement might be subject to termination. Id. ¶ 29. By letter dated February 10, 2016, THI advised JSK that (1) it remained in breach of the Agreement because it owed THI approximately $86,809.03 in

3

outstanding Recurring Fees, (2) it had an additional 10 days within which to cure this continuing monetary default, and (3) if the default was not cured, then the Agreement might be subject to termination. Id. ¶ 30. By letter dated April 21, 2016, THI advised JSK that (1) it remained in breach of the Agreement because it owed THI approximately $98,716.26 in outstanding Recurring Fees, (2) it had an additional 10 days within which to cure this continuing monetary default, and (3) if the default was not cured, then the Agreement might by subject to termination. Id. ¶ 31. As of February 21, 2017, Defendants owe THI Recurring Fees of $141,840.03 inclusive of interest. Fenimore Aff. ¶¶ 18-20.

On August 15, 2016, THI filed the instant Complaint. ECF No. 1. The Complaint contains four counts against Defendants: (1) an accounting claim for JSK's failure to permit THI to examine its financial records; (2) a breach of contract claim for JSK's failure to remit certain of the agreed Recurring Fees; (3) an unjust enrichment claim for JSK's failure to remit certain of the Recurring Fees; and (4) a claim against Guarantors under the Guaranty for Guarantors' failure to make any payments or perform or cause JSK to perform each obligation required under the Agreement. Compl. ¶¶ 33-48. THI now seeks Recurring Fees in the amount of $141,840.03, inclusive of interest at the rate of 1.5% per month. Fenimore Aff. ¶ 19. THI requests this total as of February 21, 2017. Id. ¶¶ 18, 20.

On September 9, 2016, service of the Complaint was made on Defendants Ashok Patel and Vandana A. Patel. ECF No. 7. On September 12, 2016, service of the Complaint was made on Defendants Alpa K. Desai, Kalpesh N. Desai, Dipak G. Patel, Kailash D. Patel, Pushpa Patel, and JSK. ECF Nos. 5-6. On September 13, 2016 service of the Complaint was made on Defendant Anilkumar Patel. ECF No. 5. On September 16, 2016, service of the Complaint was made on Defendant Kavita A. Patel. ECF No. 7. On November 1, 2016, THI requested the entry of default

4

against Defendants, and the Clerk entered default on November 2, 2016. ECF Nos. 8-9. In January 2017, the Court granted THI an extension of time to file for default judgment. ECF No. 11. On February 23, 2017, THI filed the instant motion for default judgment against Defendants. ECF No. 12. The motion is unopposed.

## II. LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F. 2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgement; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendants. The Court has subject matter jurisdiction by virtue of diversity jurisdiction under 28 U.S.C. §1332 because THI and Defendants are citizens of different states and there is an amount in controversy exceeding $75,000. See Compl. ¶¶ 1-13. The Court has personal jurisdiction over JSK based upon consent to jurisdiction in this district in Section 17.6.3 of the Agreement, which states that JSK consented to and waived objection to "the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey . . . ." Id. ¶ 14. This Court has personal jurisdiction over Guarantors pursuant to the terms of the Guaranty, in which Guarantors acknowledged that they were personally bound by Section 17 of the Agreement. Id. ¶ 15. THI also provided the Court with proof of personal service on Defendants. See Executed Summonses, ECF Nos. 5-7; Couch Cert. ¶¶ 5-8, ECF No. 12.

#### B. Liability

As Defendants have not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of THI's well-pled allegations as to liability. The Court is satisfied that THI has adequately pled claims against Defendants for breach of contract.

To state a claim for breach of contract in New Jersey, a plaintiff must allege: (1) the existence of a valid contract between the parties; (2) that defendant breached the Contract; and (3) that plaintiff suffered damages due to the breach. AT&T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1999). THI has alleged that: (1) there was a contractual relationship between THI and JSK based on the Agreement, See Compl. ¶ 17; (2) JSK breached the Agreement by failing to make payments of Recurring Fees owed to Plaintiff, see id. ¶ 19; (3) Guarantors

6

breached the Guaranty when they failed to fulfill JSK's obligations under the Agreement, see id. ¶¶ 24-26; Fennimore Aff. Ex. C; and (4) THI suffered damages as a result of Defendants' breach, see Compl. ¶¶ 27-32. Therefore, THI has sufficiently alleged a breach of contract by Defendants.[1]

**C. Appropriateness of Default Judgment**

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to the default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense. See U.A. Local 322 Pension Fund v. J.R. McGee Plumbing Ltd. Liab. Co., No. 16-3738, 2017 WL 498692, at *3 (D.N.J. Feb. 7, 2017). Second, the Court finds that THI will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief. See RLS Distribution, Inc. v. Small, No. 16-3714, 2016 WL 6634873, at *2 (D.N.J. Nov. 8, 2016). Finally, the Court finds that Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See Couch Cert. ¶¶ 5-8, 13-22; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

**D. Monetary Damages**

THI has requested a default judgment in the amount of $141,840.03. Fenimore Aff. ¶ 20. This amount is calculated as of February 21, 2017, and consists of Recurring Fees in the amount

---

[1] As the Court holds that Plaintiff has established a valid cause of action and is entitled to the extent of its requested damages under its breach of contract claim, the Court need not address Plaintiff's alternative theories of liability.

of $141,840.03, inclusive of interest in the amount of 1.5% per month.  Id. ¶¶ 18-20.  In support of its claims for damages, THI submitted an itemized statement setting forth the amounts of Recurring Fees due and owing.  See Fenimore Aff. Ex. H.  This evidence satisfies the legal standard for damages.  See, e.g., Travelodge Hotels, Inc. v. Seaside Hosp., LLC, No. 15-5595, 2016 WL 5899281, at *5 (D.N.J. Oct. 6, 2016) (holding that similar evidence of damages was sufficient for the entry of default judgment); Travelodge Hotels, Inc. v. CPK, INC., No. 13-4796, 2015 WL 5770508, at *4 (D.N.J. Sept. 30, 2015) (same).[2]

IV. **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for default judgement is **GRANTED** and judgment shall be entered against Defendants in the amount of $141,840.03.  An appropriate Order accompanies this Opinion.

**Dated: July 28, 2017**

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**

---

[2] The Court notes that Plaintiff does not appear to seek attorneys' fees or costs.